Michael J. BAILEY,
Petitioner-Appellant,

v.

Donald J. SOUTHERLAND, Warden,
Federal Correctional Institute, La
Tuna, Respondent-Appellee.

No. 86–1149
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 13, 1987.

Michael J. Bailey, pro se.

Helen M. Eversberg, U.S. Atty., Harold O. Atkinson, Asst. U.S. Atty., San Antonio, Tex., for respondent-appellee.

Before GEE, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Michael J. Bailey, a federal prisoner, appeals the denial of his petition for habeas relief for failure to exhaust available administrative remedies. Because events transpiring after the district court's order denying relief have rendered Bailey's appeal moot, we dismiss the appeal.

I

On August 14, 1985, Kenneth Wayne Hammonds, a correctional counselor at the Federal Correctional Institution at Seagoville, Texas, gave Bailey an order which Bailey refused to obey. On August 15, Hammonds filed an incident report, alleging that Bailey had been insolent towards a staff member and had refused to obey the order of the previous day. On August 22, the institution discipline committee held a hearing and found Bailey guilty. The committee placed Bailey in disciplinary segregation and forfeited his good time.

On November 29, 1985, Bailey filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the respondent was holding him in custody past his otherwise mandatory release date by the forfeiture of statutory good time and the withholding of meritorious good time. Bailey asserted that he did not exhaust available administrative remedies because he was denied the proper forms needed to perfect his appeal of the disciplinary findings.

On January 2, 1986, the respondent filed a motion to dismiss, based on Bailey's failure to exhaust administrative remedies. After Bailey filed a reply to the motion, the district court ordered him to show cause why the relief requested by respondent should not be granted. On February 20, the court denied Bailey's application and dismissed his petition for failure to exhaust available administrative remedies. Bailey filed a timely appeal.

In April 1986 Bailey was released from the federal correctional institute. Following his release, however, he violated his mandatory release conditions and his release was revoked by the United States Parole Commission.

II

Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. In the absence of its being raised by a party, this court is obliged to raise the subject of mootness *sua sponte. Donovan v. Air Transport District Lodge No. 146,* 754 F.2d 621, 624 (5th Cir.1985). By his section 2241 petition, Bailey seeks expungement of the disciplinary reports and restoration of the lost statutory good time and of the meritorious good time that was withheld from August 1985. The main thrust of Bailey's petition is to be released from his confinement. Because Bailey was released in April 1986, however, this court can no longer provide him with that relief. Moreover, Bailey's contention about good time appears to be moot because under 28 C.F.R. § 2.35(b), the good time of one confinement does not carry over to a second confinement. Section 2.35(b) provides:

Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

Insofar as Bailey's claim includes a request for expungement of the disciplinary record, this issue is similarly moot. Bailey does not allege that he may be subjected to future adverse consequences because of the incident report, and, even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy. *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir.1986); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir.1984). If Bailey should be subjected to adverse consequences because of the incident report, he may file another habeas corpus petition.

### III

For the reasons discussed earlier, this appeal is

DISMISSED.