# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

### No. 95-40359
### Summary Calendar
_____


JUAN FELIX LOPEZ-RIOS;
LAZARO SOSA-HERNANDEZ

Petitioners-Appellants,

and

JAIME GARZA-GARZA; ARTURO LOPEZ-LOZANO; DARIO
VILLAREAL BENAVIDES; GENARO BARRERA-VILLARREAL; OMAR
GARZA-GARZA; JULIAN SILVA-ORZUA; GILBERTO CHAVEZ-HERNANDEZ,

Petitioners,


VERSUS


E. M. TROMINSKI, District Director, INS;
IMMIGRATION AND NATURALIZATION SERVICE; WILLIAM P. BARR,
Attorney General of the United States of America,

Respondents-Appellees.


_____

Appeal from the United States District Court
For the Southern District of Texas
(M-91-CV-128)
_____


January 10, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

_____

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

## BACKGROUND

Juan Felix Lopez-Rios (Lopez) and Lazaro Sosa-Hernandez (Sosa)[1] appeal the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of their claims for declaratory and injunctive relief. Their claims concern the Respondents' failure to maintain and provide access to a docket sheet or other chronological listing of documents filed in "deportation and other adjudicatory proceedings."

Lopez and Sosa contend that the lack of a docket sheet or index violated their due process rights by compromising "the integrity of the administrative record upon which decisions are made" and depriving them "of notice of the composition of the record in time to raise the issue" before the Board of Immigration Appeals (BIA). Lopez and Sosa also allege that without a docket sheet, they were unable to determine whether the record was over-inclusive or under-inclusive when the file was forwarded to the BIA. Lopez and Sosa contend that "short of travelling to Falls Church, Virginia, to inspect the physical file," they had no way of knowing what documents were forwarded to the BIA until after their appeals and motions to reopen had been decided, and they had sought review by this Court. Even then, Sosa and Lopez contend that they had no assurance that the record as certified to this Court was the same record used by the BIA.

---

[1] The district court granted Sosa's motion to amend, adding Sosa as a petitioner in this case.

2

The Respondents moved for dismissal for failure to state a claim upon which relief could be granted, or for summary judgment, on the grounds that no justiciable controversy existed and that Lopez and Sosa had not shown that their records were unavailable.[2] Following a hearing, the district court granted the Respondents' motion. The district court determined that the absence of a docket sheet was not a constitutional violation and that the judiciary could not dictate administrative procedure unless there was a violation of a constitutional right. Lopez and Sosa filed a timely notice of appeal.

This appeal followed Lopez's and Sosa's request for relief from their respective deportation proceedings. Lopez was convicted in 1981 of possession with intent to distribute approximately 26 pounds of marijuana.[3] Lopez was found deportable due to his conviction and due to his failure to reapply for admission to the United States after his previous deportation in 1980. The BIA denied Lopez's request for voluntary departure because Lopez had two convictions, and Lopez had illegally reentered the United States three months after his 1980 deportation. Lopez's efforts to secure a reversal of this decision failed, and he was determined deportable after a final appeal to this Court. See **Lopez-Rios v. INS**, No. 93-4017 (5th Cir. Aug. 31, 1993) (unpublished).

---

[2] In the district court, the petitioners also complained of lack of adequate notice of deportation. This claim has been abandoned on appeal.

[3] Lopez had a prior conviction for aiding and abetting aliens to enter the United States unlawfully.

Sosa was convicted in 1987 of possession of marijuana. Subsequently, he was ordered deported. However, Sosa prevailed on appeal and is presently a lawful permanent resident. See **In re Sosa-Hernandez**, No. A-34652686, Interim Decision 3214 (BIA Nov. 12, 1993), 1993 WL 495143.

Lopez and Sosa contend that the Respondents' failure to maintain a docket sheet deprived them of due process by prohibiting the discovery and correction of errors.

**OPINION**

Lopez and Sosa assert that the Respondents have a duty to maintain an accurate record, that they breached that duty, and that Lopez and Sosa have been injured as a result. Lopez and Sosa contend that the absence of a docket sheet creates a foreseeable risk that materials will be erroneously included or omitted from the record when the record is transmitted to the BIA. Thus, they request that this Court reverse the district court's dismissal and remand the case so they can restyle the complaint as a class action.

A dismissal for failure to state a claim is disfavored in the law and justified only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. **Mahone v. Addicks Utility Dist. of Harris County**, 836 F.2d 921, 926 (5th Cir. 1988). Appellate review of a 12(b)(6) dismissal is de novo, and the reviewing court accepts the plaintiff's well-pleaded facts as true. See e.g., **Cinel v.**

4

**Connick**, 15 F.3d 1338, 1341 (5th Cir.), cert. denied, 115 S. Ct. 189 (1994).

Article III of the United States Constitution limits the exercise of the judicial power to "cases" and "controversies." **In re Talbott Big Foot, Inc.**, 924 F.2d 85, 87 (5th Cir. 1991). If the subject of an appeal has become moot, an appellate court may not decide it. **H.K. Porter Co. v. Metropolitan Dade County**, 650 F.2d 778, 782 (5th Cir. 1981). "[A] case is moot when the issues presented are no longer `live' or the parties lack a legally cognizable interest in the outcome." **Powell v. McCormack**, 395 U.S. 486, 496 (1969). A narrow exception to the mootness doctrine occurs with "issues capable of repetition, yet evading review." **Vieux Carre Property Owners, Residents and Assoc. v. Brown**, 948 F.2d 1436, 1447 (5th Cir. 1991). The exception requires the showing of a demonstrated probability that the challenged conduct will be repeated and affect the same plaintiff. **Id**. at 1447 & n.41. Nevertheless, "the mere possibility of future consequences is too speculative to give rise to a case or controversy." **Bailey v. Southerland**, 821 F.2d 277, 279 (5th Cir. 1987).

Lopez was determined deportable, failed in his appeal of the BIA's denial of voluntary departure, and failed in his appeal of the BIA's denial of his motion to reopen deportation and for stay of deportation. Sosa succeeded on appeal and is currently a lawful permanent resident. Sosa's contention that he may face similar deportation proceedings in the future, and the same allegedly unconstitutional procedures will occur is "too speculative to give

rise to a case or controversy."  See **Bailey**, 821 F.2d at 279. Although the general issues presented in this appeal may be capable of repetition, Sosa has failed to demonstrate that the challenged conduct will affect him.  See **Vieux Carre**, 948 F.2d at 1447 & n.41. This Court is not able to fashion relief for Lopez and Sosa; therefore, their request for equitable relief is moot.

"[A] federal court can enjoin activities of the executive branch only where it is necessary to enforce specific legal rights."  **Perales v. Casillas**, 903 F.2d 1043, 1047 (5th Cir. 1990) (citation omitted).  "[A] complaint states a sound basis for equitable relief . . . [if] it is brought to enforce specific legal obligations, rather than seeking `a restructuring of the apparatus established by the Executive Branch to fulfill its legal duties.'" **Id.** (citing **Allen v. Wright**, 468 U.S. 737, 761 (1984)).

Lopez and Sosa request that this Court issue a declaration that the Executive Office for Immigration Review has breached its duty to maintain the records of deportation proceedings by failing to create an index or docket sheet which is accessible to parties. This relief is beyond the jurisdiction of this Court absent the violation of a specific legal obligation. **Allen**, 468 U.S. at 761. Although Lopez and Sosa have identified documents that were allegedly missing[4] from their records, they have not indicated how

---

[4]  Sosa contends that the tape of his deportation hearing was erased, that his case was reopened subsequently for de novo consideration, and that all previous records disappeared.  Lopez asserts that all pre-1988 hearings and evidence as well as a transcript of a 1988 hearing are missing from his record.

they were injured or how their cases were prejudiced by the absence of these documents.

Lopez and Sosa have presented no requests for specific relief from this Court. Sosa presents, at most, a speculative injury, not a realistic danger of sustaining a direct injury. Therefore, Sosa's suit is not ripe for review. See **Cinel**, 15 F.3d at 1341. This Court affirms the district court's dismissal of the case on the grounds of mootness and lack of ripeness. See **Bickford v. International Speedway Corp.**, 654 F.2d 1028, 1031 (5th Cir. 1981) (the court may affirm on grounds different from those employed by the district court).

**AFFIRMED.**