IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31226
Summary Calendar
_____

MICHAEL J. BOWLER,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. Attorney General; MARTHA JORDAN,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2511
--------------------
July 31, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael J. Bowler appeals the denial of his 28 U.S.C. § 2241 habeas corpus application. Bowler argues that the method used by the United States Bureau of Prisons (BOP) for computing good-time credits is contrary to 18 U.S.C. § 3624(b) and the Equal Protection Clause.

"Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

before them . . . ." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)(citations omitted). The case-or-controversy requirement subsists throughout all stages of the litigation, from the trial-court level through the appellate process. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Bowler's 28 U.S.C. § 2241 application challenged the BOP's method of calculating his good-time credits. Specifically, Bowler contended that he was entitled to 351 days of good-time credits, rather than 305 days as computed by the BOP. Thus, Bowler was seeking to be released from his confinement earlier than allowed by the BOP. Because Bowler has already been released from prison, this court can no longer grant him the relief requested, and his appeal is moot. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).

Although Bowler argues that his case is not moot because he is still on supervised release, even if Bowler were entitled to more good-time credits than the BOP allowed, federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment Bowler may be required to serve for violating the conditions of his release. 28 C.F.R. § 2.35(b); see Bailey, 821 F.2d at 278-79; cf. United States v. Johnson, 529 U.S. 53, 60 (2000)(holding that the length of a supervised release term may not be reduced by reason of excess time served in prison). Furthermore, Bowler's claim for declaratory relief under 28

U.S.C. §§ 1331 and 2201 also requires that there be "a case or actual controversy."  28 U.S.C. § 2201(a); <u>Lawson v. Callahan</u>, 111 F.3d 403, 405 (5th Cir. 1997).  Because a judgment declaring that the BOP's method for computing good-time credits is unlawful would have no effect on Bowler's rights, Bowler's argument that jurisdiction lies under 28 U.S.C. § 2201 is unavailing.  <u>See</u> <u>Lewis</u>, 494 U.S. at 477-79.

Bowler's contention that his case falls within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review" is similarly without merit. Bowler has not shown that the time between judicial review of the BOP's calculation of good-time credits and expiration of a sentence is always so short as to evade review, nor has he demonstrated a reasonable expectation that he will once again be imprisoned and receive an insufficient amount of good-time credits.  <u>See Spencer</u>, 523 U.S. at 18.

Based on the foregoing, Bowler's appeal is DISMISSED AS MOOT.