United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30027
Summary Calendar
_____

EDWARD ALBERTO MARTINEZ,

Plaintiff-Appellant,

versus

JOHN ASHCROFT; JAMES W. ZIGLER; CHRISTINE DAVIS;
EDWARD J. MCELROY; IMMIGRATION AND NATURALIZATION SERVICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1191
--------------------

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Edward Alberto Martinez appeals the district court's denial

of his 28 U.S.C. § 2241 petition challenging his deportation

order. Martinez also requests an immediate stay of deportation

and release from detention by the Immigration and Naturalization

Service (INS).

Because Martinez has been deported, his requests for a stay

of deportation and release from detention have been rendered

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

moot, as this court can no longer grant him the relief requested. See Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Martinez's deportation, however, did not render his challenge to his deportation order moot. Because Martinez cannot be readmitted into the United States as a collateral consequence of his deportation, see 8 U.S.C. § 1182(a)(9)(A), he has standing to seek 28 U.S.C. § 2241 relief. See Max-George v. Reno, 205 F.3d 194, 196 (5th Cir. 2000), vacated on other grounds, 533 U.S. 945 (2001).

Contrary to Martinez's contentions, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) repealing § 212(c) discretionary relief from deportation were not applied retroactively to him in violation of INS v. St. Cyr, 533 U.S. 289 (2001). The immigration judge specifically noted that § 212(c) relief was not precluded by Martinez's robbery conviction, noting the date of the conviction. The immigration judge then determined that Martinez was ineligible for discretionary relief from removal based on a more recent conviction. Therefore, Martinez's argument that he is entitled to relief under St. Cyr is without merit.

Although Martinez asserts that he was eligible for § 212(c) relief because his 1998 conviction for possession of heroin was only a misdemeanor, the immigration judge determined that

2

Martinez was ineligible for § 212(c) relief based on his 2000 conviction for the sale of methadone.  Importantly, Martinez does not reassert his argument that he was not convicted of the sale of methadone; therefore, that argument has been waived.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993)(issues not briefed are deemed abandoned).  Martinez has failed to show any error in the immigration judge's decision regarding his ineligibility for relief from removal.

Based on the foregoing, Martinez's appeal is DISMISSED as MOOT with respect to his requests for stay of deportation and release from INS detention.  The district court's judgment denying his 28 U.S.C. § 2241 petition is

AFFIRMED.