United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-51208

JOHN ADAIR,

Petitioner-Appellee-Cross-Appellant,

VERSUS

DOUG DRETKE, Director, Texas Department Of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellant-Cross-Appellee.

Appeal from the United States District Court
For the Western District of Texas, San Antonio Division

(5:04-CV-353 )

Before JONES, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The parties cross-appeal the magistrate judge's grant of habeas to petitioner John Adair and the magistrate's order reinstating good time credits, lost by Adair as a result of prison disciplinary proceedings against him. We GRANT the Appellant's motion to supplement the record and DISMISS the appeal and Adair's cross-appeal as moot.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**FACTUAL AND PROCEDURAL BACKGROUND**

Adair was convicted of burglary of a habitation with intent to commit theft while under the influence of an illegal drug, based upon his guilty plea in the courts of Texas on February 1, 1989. Adair was sentenced to fifteen years' imprisonment and did not challenge his conviction. Adair completed a Substance Abuse Treatment Program ("SATP") and was released on mandatory supervision on May 1, 1998. Adair later tested positive for cocaine use, in violation of parole conditions; and his parole was revoked on September 21, 2001. Adair was again assigned to the custody of the Texas Department of Criminal Justice (the "Department") and to SATP. Between September 23 and October 27, 2003, Adair was found guilty by the Department of refusing to participate in SATP activities, including counseling sessions, essay assignments, and completion of the treatment plan. At the disciplinary hearings, Adair admitted his refusal to participate and argued he was no longer required to participate because he had refused SATP by signing a refusal of parole. The Department determined Adair violated the Department's rule that an inmate assigned to a treatment program must participate in the program. The disciplinary proceedings resulted in a forfeiture of 275 days of good time credits.

Adair filed grievances, arguing the Department lacked authority under Texas law to punish him for refusing to participate

2

in SATP because he signed a refusal of parole. Each of Adair's disciplinary actions was upheld by the Department because: unit assignments are determined by the Department, and therefore Adair's assignment to SATP was proper; an inmate must participate in a treatment program while assigned to the program; the disciplinary charges were appropriate to the offenses; the guilty verdict was supported by a preponderance of evidence; Adair pleaded guilty; due process requirements were satisfied; and the punishment fell within the Department's guidelines.

Adair did not file a petition for writ of habeas corpus with the state courts of Texas. On April 14, 2004, he filed his petition for writ of habeas corpus in district court, under 28 U.S.C. § 2254. Adair alleged in his petition that he was transferred on August 6, 2003, to the LeBlanc Unit for drug treatment as a condition for release on parole. He alleged that he refused parole "for legal reasons," and signed two refusal forms. Despite his refusal, Adair received several disciplinary charges for his refusal to participate in the SATP. Adair claimed his due process rights were violated based upon the arbitrary revocation of his state-created right to his good conduct time and the Department's alleged failure to offer him a refusal of SATP until after he had been found guilty of the disciplinary infractions. Adair argued that Texas Government Code § 501.0931(h) created a liberty interest in the termination of SATP and being released from the treatment housing unit upon an inmate's refusal to participate

3

in the SATP program. Adair also claimed his right to equal protection was violated because he was not treated the same as other similarly situated inmates.

The parties consented to proceed before a magistrate judge, who entered an order granting Adair's petition. The magistrate judge concluded that Adair was not required to exhaust his claims in a state habeas petition because the claims related to loss of good time credits could not have been raised in state court and because Adair's filing of grievances before the Department satisfied the exhaustion requirement. The magistrate judge ordered the Department to restore 275 days of Adair's good time credits based upon the conclusion that the Department's deprivation of Adair's good time credits was an arbitrary, capricious, and irrational state action, infringing upon Adair's state-created right not to be arbitrarily or capriciously deprived of good time credits and Adair's Fourteenth Amendment substantive due process rights.

Both parties filed Rule 59(e) motions to alter or amend the judgment. The magistrate judge denied Adair's Rule 59 motion and granted, in part, the Department's, amending the judgment to order the Department to restore only 255 days of good time credits to Adair. The reduction of restored time was calculated based upon the determination that twenty days of credits was punishment for refusal to obey an order and related to institutional security, as opposed to refusal to obey the SATP. Based upon this distinction,

4

the magistrate amended the judgment and denied restoration of those twenty days of credits.

The Government filed a notice of appeal to both the original and amended judgments. Adair filed a notice of appeal and a request for Certificate of Appealability, which was denied by the magistrate judge. Adair cross-appeals, despite the magistrate judge's denial of COA and even though Adair has not filed a request for COA to this Court.

**DISCUSSION**

We must dismiss both the State's appeal and Adair's cross-appeal as moot. "A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation. A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (internal citations omitted). "Accordingly, an actual, live controversy must remain at all stages of federal court proceedings, both at the trial and appellate levels. That is, the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *De la O v. Hous. Auth. of El Paso*, 417 F.3d 495, 499 (5th Cir. 2005) (internal quotation marks and citations omitted).

Whether an appeal is moot is a jurisdictional issue because it

5

implicates Article III's requirement of a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). This Court must raise the question of mootness *sua sponte* when, as here, it is not raised by a party, and the Court reviews the question *de novo*. *See Donovan v. Air Transp., Dist. Lodge No. 146*, 754 F.2d 621, 624 (5th Cir. 1985); *see also Bailey*, 821 F.2d at 278.

By motion to supplement the record, which is hereby GRANTED, the Department informs the Court that Adair has been released to mandatory supervision and provides Adair's certificate demonstrating such release. This Court has held that a federal prisoner's appeal from the denial of a § 2241 petition, seeking expungement of disciplinary reports and restoration of good time, was moot because the Court could not provide the requested relief and the prisoner did not allege he would be subject to future adverse consequences. *Bailey*, 821 F.2d at 278. Similarly here, Adair does not allege that in the wake of his release to mandatory supervision he will be subject to future adverse consequences related to his petition. As the restoration of good time credits sought by Adair and granted in part by the magistrate served to accelerate his release date, the relief granted by the magistrate and appeals from that judgment have no continuing relevance after Adair's release.

Texas law confirms that Adair's claims and the relief sought are now moot. His good credit time will not carry over to a

6

subsequent confinement.  *See* TEX. GOV'T CODE ANN. § 498.004(b).  "On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued."  *Id.; see also Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (en banc).  In the context of a loss of federal good time credits, we have concluded that the possibility of a future federal confinement would have been unaffected by lost good time credits. *Bailey*, 821 F.2d at 278-79.  There, the lack of a potential future adverse affect on the petition rendered the appeal relating to the loss of the credits moot.  *Id*.  Similarly here, under Texas law, Adair has no claim that he might continue to suffer "collateral consequences" from the loss of good credit time alleged in his instant petition or that he might in the future be harmed by the results of his prison disciplinary proceedings related to refusal to attend SATP.  *See Sinclair v. Blackburn*, 599 F.2d 673, 675 (5th Cir. 1979) (citing *Carafas v. LaValle*, 391 U.S. 234, 237-38 (1968)); *see also Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).  Thus, Adair's cross-appeal is moot and must be dismissed.

With respect to the Department's appeal from the magistrate's order, we must also dismiss for mootness.  The only relief sought by the Department is the reversal of the magistrate's order, that is, the reversal of the order requiring reinstatement of a deprivation of Adair's good time credits.  As discussed above, this relief would have no effect on either party after Adair's release.

Therefore, no showing has been made of a collateral consequence on either appellant or cross-appellant from the magistrate's order. Accordingly, the issues raised are moot, and no article III case or controversy exists. Because we must dismiss for lack of jurisdiction, we do not reach and express no opinion on the magistrate's orders.

**MOTION TO SUPPLEMENT GRANTED; CASE ON APPEAL DISMISSED AS MOOT.**