United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20011
Summary Calendar

_____

MARIA CHRISTINA SALGADO

                    Petitioner - Appellant

     v.

FEDERAL BUREAU OF PRISONS

                    Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2639
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Maria Christina Salgado, formerly federal prisoner # 13556-179, appeals the dismissal of her 28 U.S.C. § 2241 petition wherein she argued that cancellation of the Intensive Corrections Center (ICC)/Boot Camp program violated the "notice-and-comment" requirement of the Administrative Procedures Act, her due process rights, and the Ex Post Facto Clause.  Salgado sought a reduction in "actual prison time" amounting to her immediate release from prison.  The district court denied her petition on the merits.

-------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salgado was released from prison while the instant appeal was pending. An appeal is not moot simply because a § 2241 petitioner is no longer in custody. Brown v. Resor, 407 F.2d 281, 283 (5th Cir. 1969). However, an action is moot when the court cannot grant the relief requested by the moving party. See Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987) (holding that an appeal from the denial of a § 2241 application was moot because "[t]he main thrust" of Bailey's application was to be released from confinement, and "[b]ecause Bailey was released . . . this court [could] no longer provide him with that relief"); see also Willy v. Administrative Review Board, 423 F.3d 483, 494 n.50 (5th Cir. 2006) ("If an event occurs that prevents us from granting 'any effectual relief whatever' to a prevailing party, the controversy is moot, and the appeal must be dismissed.") (internal quotation marks and citation omitted).

Salgado admits that there were no errors at her sentencing. Rather, the main thrust of Salgado's petition is to be released from her confinement based on purported errors that occurred after she was sentenced. See Bailey, 821 F.2d at 278. Salgado's appeal is DISMISSED as moot.