# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2010

Lyle W. Cayce
Clerk

No. 08-30940
Summary Calendar

TIRRELL WELLS,

Petitioner-Appellant

v.

JEFFERY TRAVIS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-8056

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Tirrell Wells, Louisiana prisoner # 332015,was convicted of possession with intent to distribute cocaine and sentenced to 30 years' imprisonment. His subsequent application for federal habeas relief under 28 U.S.C. § 2254 was denied, the district court holding:  the application was untimely and *not* subject to equitable tolling; and, in the alternative, Wells' double-jeopardy claim lacked merit and his other claims were procedurally barred.  *Wells v. Travis*, No. 07-8056, 2008 WL 3166805 (E.D. La. 5 August 2008).  The court granted a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Certificate of Appealability (COA) on only the equitable-tolling issue. Our court refused to grant a COA on the other issues.

Before reaching the issue of equitable tolling, we must examine the basis of our jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A habeas proceeding is civil, not criminal. And, a timely notice of appeal is mandatory and jurisdictional in a civil case. 28 U.S.C. § 2107(a); *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). Such notice of appeal must be filed within 30 days of entry of the judgment or order from which the appeal is taken. FED. R. APP. P. 4(a)(1)(A).

The final judgment denying Wells' § 2254 application was entered on 6 August 2008. Allowing for the district court's closure due to Hurricane Gustav, the last day of the 30-day period was 8 September 2008. *See* FED. R. APP. P. 26(a)(3). Because Wells did not file a notice of appeal or a document that could be construed as a notice of appeal by 8 September 2008, we are without jurisdiction to consider his appeal. *See Bowles*, 551 U.S. at 213-14.

Alternatively, we lack jurisdiction because Wells' appeal is moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Again, the district court rejected his double-jeopardy claim on the merits and held his remaining claims as procedurally barred; and our court refused to expand the COA to consider those claims. Therefore, there is no live case or controversy before us because there is no relief that can be granted.

DISMISSED.