Kujoe Bonsafo AGYEI–KODIE,
Petitioner–Appellant,

v.

Eric HOLDER, Attorney General of the
United States; Janet Napolitano, U.S.
Department of Homeland Security;
Michael Pitts, Director, Bureau of Im-
migration and Customs Enforcement;
Scott Beemar, SDDO Detention and
Removal, Respondents–Appellees.

No. 10–50744
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 15, 2011.

Kujoe Bonsafo Agyei–Kodie, Karnes
City, TX, pro se.

Gary Layton Anderson, Assistant U.S.
Attorney, U.S. Attorney's Office, San An-
tonio, TX, Scott Michael Marconda, I,
Esq., Trial Attorney, U.S. Department of
Justice, Office of Immigration Litigation,
Washington, DC, for Respondents–Appel-
lees.

Before DAVIS, SMITH, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Kujoe Agyei–Kodie, immigration detain-
ee # A072732130, appeals the dismissal of

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be

published and is not precedent except under

his 28 U.S.C. § 2241 petition challenging his continued detention pursuant to 8 U.S.C. § 1226. The government has moved to dismiss the appeal for lack of jurisdiction, arguing that the appeal is moot because Agyei–Kodie is no longer detained pursuant to § 1226, and any challenge to his post-removal-order detention is premature. In the alternative, the government seeks an extension of time in which to file its brief. Agyei–Kodie has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal.

 The removal order became administratively final on October 8, 2010, when the Board of Immigration Appeals dismissed the appeal of the immigration judge's decision. *See* 8 U.S.C. § 1101(a)(47)(B). Consequently, Agyei–Kodie is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot. *See Andrade v. Gonzales*, 459 F.3d 538, 542–43 (5th Cir.2006).

Agyei–Kodie's detention is now governed by 8 U.S.C. § 1231, *see id.,* which provides that the Attorney General shall remove the alien within a period of 90 days, during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). If he is not removed within the 90–day period, he may be detained beyond that time or released subject to the terms of supervision prescribed by the Attorney General. § 1231(a)(3), (6). It is presumptively constitutional for an alien to be detained for six months after a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

 The 90–day removal period commenced on October 8, 2010, when the removal order became administratively final. *See* § 1231(a)(1)(B)(i). Although that period has expired, Agyei–Kodie has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his continued post removal order detention is premature. *See Zadvydas*, 533 U.S. at 701, 121 S.Ct. 2491.

Accordingly, the motion to dismiss is GRANTED, and the appeal is DISMISSED for want of jurisdiction. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987). The motion to proceed IFP is DENIED, and the motion for extension of time to file a brief is DENIED as moot.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.