**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2012

Lyle W. Cayce
Clerk

No. 11-20674
Summary Calendar

JORGE VINCENTE CHAY,

Petitioner–Appellant,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; DEPARTMENT OF HOMELAND SECURITY,

Respondents–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2965

Before DENNIS, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In August 2011, Jorge Vincente Chay filed a petition pursuant to 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement (ICE) pending his removal from the United States. Chay asserted that his detention by ICE may have violated due process by failing to comply with the mandate of 8 U.S.C. § 1231 and the holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Chay sought to challenge the order reinstating his removal and asserted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that a new Notice to Appear should be issued and a removal hearing held before he was removed from the United States.

The district court determined that the REAL ID Act of 2005 divested federal district courts of jurisdiction over § 2241 habeas corpus petitions that attacked removal orders and sua sponte dismissed Chay's petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C) and (a)(5). Chay filed a postjudgment motion, arguing that the REAL ID Act is unconstitutional. The district court did not address Chay's arguments but instead denied the motion for lack of jurisdiction.

Chay's sole challenge to the district court's determination that it lacked jurisdiction over his § 2241 claims is that the REAL ID Act is unconstitutional and, therefore, cannot eliminate habeas corpus actions under § 2241. Chay contends, as he did in his § 2241 petition, that his detention was unlawful in light of § 1231 and *Zadvydas*.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). Events occurring after a district court's entry of judgment may render an appeal moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987).

Chay was removed from the United States on October 5, 2011, after the notice of appeal was filed in this case but before briefs were filed, and he does not challenge his removal. Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of removal, *see Tran v. Mukasey*, 515 F.3d 478, 485 (5th Cir. 2008), any such challenge is now moot because Chay has been removed from the United States. *See Odus v. Ashcroft*, 61 F. App'x 121,121 (5th Cir. 2003); *Umanzor v. Lambert*,

782 F.2d 1299, 1301 (5th Cir. 1986).  Chay does not assert that he raised another claim over which the district court would have had jurisdiction that has not been rendered moot by his removal, and we will not liberally construe his attorney-prepared brief to find one.  *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Accordingly, the appeal is DISMISSED AS MOOT.