# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2013

Lyle W. Cayce
Clerk

No. 12-40529
Summary Calendar

ERIC WATKINS,

Petitioner - Appellant

v.

MICHAEL W. GARRETT, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-254

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Eric Watkins, former federal prisoner # 55630-004, appeals the dismissal of his 28 U.S.C. § 2241 petition, filed but not decided while he was incarcerated, challenging the validity of a prison disciplinary proceeding, which resulted in the loss, *inter alia*, of 21 days good-time credit. The petition was filed in 2009; Watkins was released from custody in 2010. The court dismissed Watkins' petition as moot and, in the alternative, on grounds that his due-process claims lacked merit. Watkins contends his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release from prison did not render the petition moot because: (1) he remains "in custody" for purposes of § 2241(c)(3) because he continues to serve supervised release; and (2) pursuant to 18 U.S.C. § 3583(e)(2) (court may modify supervised release prior to its expiration) and *United States v. Johnson*, 529 U.S. 53, 60 (2000), the district court had jurisdiction to modify his supervised release if it found he was incarcerated beyond expiration of his prison term. Mootness is a question of law reviewed *de novo*. *E.g.*, *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000).

Watkins is "in custody" for purposes of pursuing federal habeas relief because he was incarcerated at the Federal Correctional Complex in Beaumont, Texas, when he filed the instant § 2241 petition, and he is currently serving a four-year term of supervised release. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). The relevant inquiry, however, is whether Watkins satisfies the case-or-controversy requirement of Article III, section 2 of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Watkins did not seek reduction of supervised release under § 3583(e) in district court; and, the court lacked jurisdiction to consider reduction because Watkins was sentenced in the Northern District of Florida, and no transfer of jurisdiction was effected. *See* 18 U.S.C. § 3605 (authorizing exercise of jurisdiction over person on supervised release if jurisdiction transferred by sentencing court). Further, he has not shown the disciplinary action will cause him to suffer adverse consequences. *E.g.*, *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (holding former federal prisoner's appeal seeking expungement of disciplinary reports and restoration of good-time credit moot because court could not provide relief after release, and prisoner did not allege future adverse consequences).

AFFIRMED.