# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40922
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE EDUARDO PERFECTO-MENDOZA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-354-1

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Eduardo Perfecto-Mendoza pleaded guilty to one count of illegal reentry into the United States and was sentenced to serve 12 months in prison and a two-year term of supervised release. Now, he argues that the judgment should be modified because it contains a condition of supervised release that was not orally imposed. He alternately argues that this condition infringes his Fifth Amendment rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40922

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *see Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Article III, section 2, of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." *Id.*

The term of supervised release at the heart of this appeal has been revoked, and no new term has been imposed. Thus, the condition of release that Perfecto-Mendoza complains of is no longer applicable to him, and this appeal is moot.

DISMISSED AS MOOT.