# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31110
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2015

Lyle W. Cayce
Clerk

FLOYD STANHOPE FRANCIS,

Petitioner-Appellant

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:14-CV-168

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

In February 2014, Floyd Stanhope Francis, a native and citizen of Jamaica, filed a petition pursuant to 28 U.S.C. § 2241, challenging his prolonged detention by the Department of Homeland Security as unconstitutional in light of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeking injunctive relief. The Government has moved to supplement the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31110

record with a declaration from U.S. Immigration and Customs Enforcement that Francis was removed to Jamaica on August 27, 2015.

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "In general, a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Sierra Club v. Glickman*, 156 F.3d 606, 619 (5th Cir. 1998).

In this appeal, Francis challenged only the lawfulness of the length of his post-removal-order detention, not the basis for his removal or the removal order itself. Thus, because he is no longer detained and has been removed from the United States, his challenge is now moot. *See Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986).

Accordingly, the appeal is DISMISSED AS MOOT. Francis's motion to supplement his brief is DENIED; the Government's motion to supplement the record is GRANTED.