# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30876

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAWRENCE HUMPHREY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-1071
USDC No. 2:07-CR-20101-1

Before DAVIS, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lawrence Humphrey, federal prisoner # 13885-035, appeals the district court's denial of his motion to appeal in forma pauperis (IFP) from the denial of his motion under 28 U.S.C. § 2255 challenging his conviction and sentence for various firearms offenses. He moves for leave to proceed IFP in this appeal.

We must first examine whether we have jurisdiction to consider this appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Article III of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30876

the Constitution authorizes federal courts to "adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The case-or-controversy requirement applies to all stages of litigation from the trial level through the appellate process. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). An appeal is moot where the court can no longer grant any effectual relief to the prevailing party. *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). Because mootness implicates Article III's case-or-controversy requirement, it is an issue of jurisdiction. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

We have already disposed of Humphrey's appeal from the denial of § 2255 relief. Accordingly, this appeal and Humphrey's motion before this court to proceed IFP are moot. *See Motient Corp.*, 529 F.3d at 537; *Bailey*, 821 F.2d at 278.

MOTION TO PROCEED IFP DENIED AS MOOT; APPEAL DISMISSED AS MOOT.