# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

**Lyle W. Cayce**
Clerk

No. 18-60666
Summary Calendar

JUAN CARLOS ZEPEDA ALVAREZ, also known as Juan Carlos Zepeda,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A204 807 868

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Petitioner Juan Carlos Zepeda Alvarez petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). To the extent that he is asserting that his asylum application is timely and that he alleged viable particular social groups based on his maternal and paternal families,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA assumed these facts to be true, so we need not address them.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (stating that this court generally has authority to review only the decision of the BIA).  Neither has Zepeda Alvarez shown that his case met the standard for assignment to a three-member panel of the BIA.  *See* 8 C.F.R. § 1003.1(e)(6).

Zepeda Alvarez also contends that the BIA failed to give adequate consideration to the evidence supporting his claims of a well-founded fear of future persecution for purposes of establishing his eligibility for asylum. Although the agency's opinion "must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims," *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996), the agency is not required to address evidentiary minutiae or write any lengthy exegesis.  The BIA considered the evidence of harm suffered by Zepeda Alvarez's cousins and the evidence that his father was targeted and assaulted on the basis of his political opinion, but it concluded that Zepeda Alvarez had failed to show a well-founded fear that he would be persecuted on account of a particular social group or an imputed political opinion.  Zepeda Alvarez also complains of the BIA's failure to consider a letter written by his aunt, but that document merely corroborated his father's description of the single assault he suffered.  The BIA also concluded that, to the extent Zepeda Alvarez was complaining of general unrest in Honduras or the risk that he could become a victim of gang activity, such complaints did not rise to the level of persecution.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 235 (BIA 2014). The BIA's decision is rendered "in terms sufficient to enable a reviewing court to perceive that [it] has heard and thought and not merely reacted," so due process is satisfied.  *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (internal quotation marks and citation omitted).

No. 18-60666

Zepeda Alvarez also contends that the BIA applied an incorrect standard for withholding removal.  He maintains that the BIA required him to prove that his membership in a protected class was a *central* reason for persecution.  He argues, however, that such a requirement applies only to requests for asylum and that to establish an entitlement to withholding of removal he need only show that a protected ground is one of the reasons for the persecution.  The BIA concluded that Zepeda Alvarez was unable to show that it was more likely than not that he would be persecuted on account of an imputed political opinion or his membership in a particular social group.  *See* 8 C.F.R. § 208.16(b)(2).  The BIA thus did not need to address whether such a ground was a "reason" or a "central reason" for the persecution.

With respect to CAT, Zepeda-Alvarez complains that the BIA applied the wrong standard by requiring him to prove that Honduran authorities accepted the torture.  Contrary to his assertion, the BIA noted that he could establish governmental acquiescence through willful blindness.  *See Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017).  Zepeda Alvarez has not shown that it was more likely than not that he would be tortured if he returned to Honduras.  *See Majd v. Gonzales*, 446 F.3d 529, 596-97 (5th Cir. 2006); *Bah v. Ashcroft*, 341 F.3d 348, 352 (5th Cir. 2003).

Zepeda Alvarez next contends that the BIA and IJ erred in denying his requests for a continuance or administrative closure of his removal proceedings during the pendency of his application for renewal of Deferred Action for Childhood Arrivals (DACA), as he suffered continued detention during the proceedings.  He concedes that his DACA application has since been granted and that he has been released from detention.  That claim is thus moot, so we cannot grant Zepeda Alvarez relief on this ground.  *See Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).  We obviously lack jurisdiction to

decide claims that are moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

The petition for review is thus DENIED IN PART and DISMISSED IN PART.