# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2020

Lyle W. Cayce
Clerk

No. 19-40031
Summary Calendar

Charles Andrew Arroyo,

*Petitioner—Appellant*,

*versus*

Jody R. Upton, *Warden*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-489

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Charles Andrew Arroyo, formerly federal prisoner # 15364-179, appeals the dismissal of his 28 U.S.C. § 2241 application wherein he argued that he was deprived of his due process rights during a prison disciplinary proceeding. The district court denied his § 2241 application on the merits.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40031

While the instant appeal was pending, Arroyo was released from prison. An appeal is not moot simply because a § 2241 petitioner is no longer in custody. *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969). However, an action is moot when the court cannot grant the relief requested by the moving party. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

The instant habeas application concerns purported errors that occurred after Arroyo was sentenced, for which he seeks the restoration of good-time credits and other privileges he lost as a result of his disciplinary violation. However, because Arroyo was released from prison in August 2020, this court can no longer provide him with the requested relief. *See Bailey*, 821 F.2d at 278. Insofar as he also seeks the expungement of the disciplinary charge from his record, this issue is similarly moot. *See id.* at 279. Accordingly, Arroyo's appeal is DISMISSED as moot.