# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2021

Lyle W. Cayce
Clerk

No. 20-50339

United States of America,

*Plaintiff—Appellee*,

*versus*

Alberto Luciano Torres-Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-818-1

Before Dennis and Engelhardt, *Circuit Judges*, and Hicks, *Chief District Judge*.[*]

Per Curiam:[†]

A jury convicted Alberto Luciano Torres-Martinez of illegally entering the United States after deportation. On April 15, 2020, Torres-Martinez was sentenced to 14 months in prison but was immediately released

---

[*] Chief Judge of the Western District of Louisiana, sitting by designation.

[†] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50339

due to credit for time served. The district court also imposed a one-year term of supervised release to take effect immediately upon the expiration of the prison term. More than one year has passed since the imposition of the judgment and the completion of Torres-Martinez's term of imprisonment, so his term of supervised release has also expired. Torres-Martinez timely appealed, challenging his term of supervised release.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987). A case becomes moot when it is "impossible for a court to grant any effectual relief whatever." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016). Because the record reflects that Torres-Martinez's terms of imprisonment and supervised release are complete, the court cannot grant him any relief, and there is no case or controversy to address. *See United States v. Stanley*, 145 F. App'x 499 (5th Cir. 2005).

APPEAL DISMISSED AS MOOT.