# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50279
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2023

Lyle W. Cayce
Clerk

Vamsidhar Reddy Vurimindi,

*Plaintiff—Appellant*,

*versus*

Jose M. Correa, *Field Office Director - San Antonio, Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement*; Sean Ervin, *Field Office Director - Philadelphia, Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement*; Kerry E. Doyle, *Principal Legal Advisor, Office of the Principal Legal Advisor (OPLA)*; Melody Brukiewa, *Chief Counsel for Baltimore Office of the Principal Legal Advisor (OPLA)*; JoAnn McLane, *Chief Counsel for San Antonio Office of the Principal Legal Advisor (OPLA)*; David L. Neal, *Acting Chief Immigration Judge*; Alejandro Mayorkas, *Secretary, U.S. Department of Homeland Security*; Daniel H. Weiss, *Acting Chief Immigration Judge*; Tae D. Johnson, *Acting Director, U.S. Immigration and Customs Enforcement*; Merrick Garland, *U.S. Attorney General*; United States Immigration and Customs Enforcement; United States Department of Homeland Security,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-262

———————————————————

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Vamsidhar Vurimindi, proceeding *pro se*, appeals the district court's dismissal of his complaint seeking (i) to compel the Board of Immigration Appeals ("BIA") to terminate his removal proceedings and (ii) to compel Immigration and Customs Enforcement ("ICE") to terminate his reporting requirements. Vurimindi concedes in his brief that both of these things have happened. He has therefore been granted the relief he sought in his complaint, and his claims are rendered moot for absence of a justiciable case or controversy. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (per curiam).

Vurimindi argues that his claims are not moot because his removal proceedings were terminated without prejudice, and he "seek[s] an order compelling BIA to terminate removal proceedings with prejudice." But again, Vurimindi does not have a justiciable claim. There is no indication that the BIA intends to reopen his removal proceedings, which were closed following the Third Circuit's vacatur of the BIA's order of removability on the basis that Vurimindi's state offense did not qualify as a removable offense. *Vurimindi v. Att'y Gen. U.S.*, 46 F.4th 134, 148 (3d Cir. 2022). Even assuming the BIA's dismissal without prejudice might suggest some possibility of renewed proceedings, "the mere possibility of future consequences is too speculative to give rise to a case or controversy." *Bailey*, 821 F.2d at 279.

DISMISSED.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.