# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-50827
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ojin Kim,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-250
USDC No. 7:17-CR-183-1

———————————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ojin Kim, former federal prisoner # 30806-479, challenges the district court's denial of his 28 U.S.C. § 2255 motion (person in federal custody may move to vacate, set aside, or correct sentence). Our court granted a

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50827

certificate of appealability (COA) for "his claim that his trial counsel was ineffective at sentencing" and denied a COA for his other claims.

The Government contends this appeal is moot because Kim's sentence has fully expired. "Whether an appeal is moot is a jurisdictional matter, [because] it implicates the Article III requirement that there be a live case or controversy." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "Under Article III's case-or-controversy requirement, to invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (citation omitted).

While in custody, Kim filed his § 2255 motion. But, the case-or-controversy requirement is distinct from the earlier-referenced § 2255 "in custody" requirement. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (evaluating case-or-controversy requirement after establishing defendant met § 2255 "in custody" requirement). The former "subsists through all stages of federal judicial proceedings, trial and appellate". *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "The parties must continue to have a personal stake in the outcome of the lawsuit." *Id.* at 78 (citation omitted).

"In criminal cases, [the case-or-controversy] requirement means [, *inter alia*,] that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some 'continuing injury' or 'collateral consequence' sufficient to satisfy Article III." *United States v. Juv. Male*, 564 U.S. 932, 936 (2011). Accordingly, a defendant challenges only an expired sentence, he has the burden of identifying an ongoing collateral consequence that is traceable to the challenged portion of the sentence and would likely be redressed by a favorable judicial decision. *E.g.*, *id.*

No. 22-50827

Kim fails to meet his burden.  In his opening brief, he mentions his continued pursuit of the appeal is linked to his immigrant status and the possibility future immigration proceedings may be predicated on the outcome of this action.  Kim provides, however, no briefing on whether:  he has been placed in immigration proceedings; any immigration provision would apply to him; or the immigration consequence would likely be redressed by a favorable decision.  *See Juv. Male*, 564 U.S. at 936 (outlining burden for defendant challenging only expired sentence).  "[T]he mere possibility of future consequences is too speculative to give rise to a case or controversy."  *Bailey*, 821 F.2d at 279.  Therefore, Kim has waived his contention by failing to brief it adequately.  *E.g.*, FED. R. APP. P. 28(a)(8)(A) (requiring appellant's brief to include contentions and reasons for them); *United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002) (explaining unbriefed issues are waived on appeal).  His assertions raising other collateral consequences are bare and speculative.

DISMISSED.