# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2014

Lyle W. Cayce
Clerk

LANCE C. MIGLIACCIO, Petitioner in Propria Persona Sui Juris,

Petitioner-Appellant

v.

FNU VASQUEZ, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-153

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lance C. Migliaccio, formerly federal prisoner # 21219-013, was convicted in the District of Colorado of several felony drug offenses and was sentenced to 60 months of imprisonment to be followed by a three-year term of supervised release. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he raised claims attacking those convictions. Migliaccio has recently been released from prison, but he remains subject to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the remainder of his term of supervised release.  His appeal is not moot.  *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).  Because Migliaccio is proceeding under § 2241, he is not required to obtain a certificate of appealability in order to appeal.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Migliaccio argues that the district court lacked subject matter jurisdiction.  He contends that § 2241 does not provide an independent source of jurisdiction and that, on the face of the record, there is a want of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  § 2241(a).  Section 2241 "provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments."  *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).  In view of the foregoing, Migliaccio's assertion that the district court lacked subject matter jurisdiction fails.

Migliaccio does not address the district court's determination that he failed to meet the requirements for challenging his convictions and sentences in a habeas petition under § 2241.  Although we liberally construe pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), arguments must be briefed in order to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  By failing to identify error in the district court's basis for dismissing his § 2241 petition, Magliaccio has abandoned any challenge he might have raised regarding the dismissal.  *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*,

No. 13-40450

813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the judgment of the district court is AFFIRMED.