United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20587
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER BENAVIDES,

Defendant- Appellant.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:03-CR-406-ALL)

_____

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Benavides appeals the sentence imposed by the district court on the grounds that

the court unconstitutionally enhanced his sentence on the basis of facts neither pleaded to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nor proved in violation of <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738 (Jan. 12, 2005). We vacate the sentence and remand for the following reasons:

1.  Because Benavides preserved the <u>Booker</u> issue by objecting in the district court, we review under the harmless error standard. <u>See</u> <u>United States v. Akpan</u>, 407 F.3d 360, 376 (5th Cir. 2005)

2.  "Harmless error is '[a]ny defect, irregularity, or variance that does not affect substantial rights' of the defendant, and 'arises when the mistake fails to prejudice the defendant.'" <u>Id.</u> (quoting FED. R. CRIM. P. 52(a)). In reviewing <u>Booker</u> issues for harmless error, the government must show that the <u>Booker</u> error was harmless by demonstrating beyond a reasonable doubt that the district court would not have sentenced differently absent the erroneous factor. <u>Id.</u>.

3.  The district court erred in applying a one-level enhancement to Benavides's sentence pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2B5.1(b)(1)(A) based on the face value of counterfeit items involved in counts of the indictment to which Benavides did not plead guilty and that were dismissed by the Government.

3.  The Government has failed to show beyond reasonable doubt that the district court would not have sentenced differently absent the <u>Booker</u> error. The district court's only comments related to the Sentencing Guidelines reflect that the court considered a term of imprisonment in the middle of the

2

guideline range to be appropriate for Benavides's crime. Absent the erroneous one-level increase, the applicable guideline range would have been decreased from 6-12 months to 2-8 months. A sentence in the middle of that range would have been lower than the nine-month sentence imposed. Further, the nine-month sentence imposed would have been outside the guideline range and there is no record evidence supporting such an upward departure.

4.     Because Benavides has already served the nine-month prison sentence imposed by the district court, the only relief possible on remand is modification rather than reduction of the three-year supervised release term he is now serving. See United States v. Johnson, 529 U.S. 53, 60 (2000) (holding that, pursuant to 18 U.S.C. 3624(e), courts may not reduce the length of a supervised release term by reason of excess time served in prison).

5.     The statutory structure provides a means to address equitable considerations when an individual is incarcerated beyond the proper expiration of his prison term. Id. The trial court, as it sees fit, may modify an individual's conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2). Id. Under 18 U.S.C. § 3583(e)(1), the court may also terminate an individual's supervised release obligations at any time after the expiration of one year, if

the court considers such action warranted by the defendant's conduct and the interest of justice. See id.

6. On remand, Benavides may invoke § 3583(e)(2) in pursuit of relief. Because he was released from prison on June 10, 2005, Benavides must complete one year of supervised release prior to seeking relief under § 3583(e)(1).

SENTENCE VACATED; CAUSE REMANDED.