United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40729
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS HERNANDEZ, JR.,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:02-CR-434-ALL
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Hernandez, Jr., appeals the sentence imposed by the district court following the revocation of his supervised release. Hernandez was sentenced to an eight-month term of imprisonment and to an eight-month term of supervised release with the special condition of community confinement and with the additional condition that Hernandez was not to be released from the Bureau of Prisons until there was a bed available for him at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a halfway house. For the reasons set forth below, we VACATE and REMAND.

Hernandez first contends that the district court was without authority to sentence him to community confinement as a condition of supervised release. He argues that the imposition of community confinement as a condition of supervised release is not permitted under the plain language of the governing statutes, 18 U.S.C. § 3563(b) and § 3583(d).

This court recently rejected a similar argument and determined that a district court has authority to impose confinement in a community corrections facility as a condition of supervised release. See United States v. Del Barrio, 427 F.3d 280, 283-84 (5th Cir. 2005). Del Barrio controls this issue and Hernandez is not entitled to relief.

Hernandez also contends that the district court was not authorized to impose as a condition of supervised release that he not be released from the Bureau of Prisons until a bed was available to him at a halfway house. He argues that such a condition converts his eight-month of imprisonment into an indefinite, conditional prison sentence and violates both 18 U.S.C. § 3624(a) and his rights under the Due Process Clause. Hernandez requests that the condition requiring him to remain in the custody of the Bureau of Prisons until a bed is available at a halfway house be vacated.

Inmate records reflect that Hernandez was released from the Bureau of Prisons on December 12, 2005. Nevertheless, Hernandez's appeal is not moot, because there is a possibility that the district court may alter Hernandez's period of supervised release pursuant to 18 U.S.C. § 3583(e)(2), if it determines that he has served excess prison time. See Johnson v. Pettiford, ___ F.3d ___, 2006 WL _____ (5th Cir. March 14, 2006). Accordingly, the judgment of the district court is VACATED and this case is REMANDED to the district court for further proceedings consistent with this opinion.

VACATED and REMANDED.