United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBERT RAY PORTER, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:03-CR-437-12)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hubert Ray Porter, Jr. appeals the sentence imposed following his plea

of guilty to possession with intent to distribute less than 50 kilograms of marijuana. Even though

Porter has been released from prison, his appeal is not moot because he is serving a term of

supervised release, which is a part of his total sentence. See United States v. Lares-Meraz, 452 F.3d

352, 355 (5th Cir. 2006).

Porter contends that his criminal history score was incorrect, because some prior offenses

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

were related and should not have been counted separately. We need not resolve this issue, because, as the government contends, Porter has validly waived his right to appeal any sentence that is not an upward departure from the range provided by the Sentencing Guidelines.

The district court ascertained that Porter had read and understood the plea agreement which had an unambiguous waiver provision. See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005). Further, at the court's request, the government accurately recited the waiver provision at the plea hearing. When the court subsequently reminded Porter of the waiver, he indicated his understanding. The court thus satisfied FED. R. CRIM. P. 11(b)(1)(N), and the waiver is valid. As Porter raises no unwaived issue, the district court's judgment is affirmed.

We decline to consider Porter's claims of ineffective assistance of counsel for the first time on direct appeal, because the record is not sufficiently developed. See United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001).

Porter has filed a motion asking this court to take judicial notice of the dates of his prior offenses as set forth in his Texas judgments of conviction. Porter's valid appeal waiver obviates consideration of the state convictions. The motion is therefore denied.

JUDGMENT AFFIRMED; MOTION DENIED.