# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2011

No. 11-30003
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DESHONDRA SIMMONS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-166-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Deshondra Simmons pleaded guilty to three counts of mail theft by a postal employee, in violation of 18 U.S.C. § 1709, and was sentenced to three-months' imprisonment and three years' supervised release. Simmons contends her sentence is based on a procedural error because the district court did not understand that the advisory Guidelines included the option of probation; she does *not* claim that her sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Simmons concedes, because she did not raise her procedural-error claim in district court, it is subject only to plain-error review. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish reversible plain error, Simmons must show a clear or obvious error affecting her substantial rights. *E.g.*, *Puckett*, 129 S. Ct. at 1429. Even if plain error is shown, our court retains discretion to correct it and will do so only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation and internal quotation marks omitted). Although Simmons has completed her term of imprisonment, her appeal is not moot because she is still subject to a sentence of supervised release. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

The presentence investigation report noted that the applicable advisory Guidelines sentencing range was zero to six months' imprisonment and that Simmons was eligible for a probated sentence of not more than five years. And, at sentencing, Simmons requested a probated sentence. Her contention—that the district court did not understand that probation was an option under the Guidelines—borders on frivolous. The record reflects that the district court was aware that a term of imprisonment was not required. At sentencing, the court stated that it had considered the Guidelines sentencing range and found it to be appropriate. Accordingly, the court provided adequate reasons for imposing a sentence in the middle of that range. *See, e.g., Rita v. United States*, 551 U.S. 338, 356-58 (2007).

Therefore, there is no clear or obvious error. But, even assuming such error, because Simmons did not object to the adequacy of the reasons, and there is no indication that a greater explanation would have resulted in a lower sentence, there would be no reversible plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009).

AFFIRMED.