**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2011

Lyle W. Cayce
Clerk

No. 10-50847
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELLIS MORGANFIELD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-10-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Ellis Morganfield of aiding and abetting bank fraud. *See* 18 U.S.C. §§ 2, 1344. Following our prior remand order, *United States v. Morganfield*, 501 F.3d 453, 456 (5th Cir. 2007), the district court sentenced Morganfield to 115 months of imprisonment, to be followed by five years of supervised release, and imposed a restitution order in the amount of $387,405.87. He challenges his sentence on the basis that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in calculating the amount of loss involved in the offense. He challenges the restitution order on the same basis.

Morganfield was released from prison on May 24, 2011. His appeal is not moot because he remains subject to a term of supervised release, an element of his overall sentence, and he is appealing the as yet unsatisfied restitution order. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

Morganfield argues that the loss calculation in the revised presentence report (PSR), a significant factor in the district court's determination of his sentence, and the amount of restitution were based on an unreliable and unsubstantiated Federal Bureau of Investigation (FBI) report that was not provided to him, is not part of the record, and was not contained in any of the exhibits that were offered or admitted into evidence at trial. He does not provide an alternate report or alternate figures to contradict the district court's loss calculation. He argues that the district court should have separated the checks attributable to him from those not attributable to him in making the loss calculation. Regarding restitution, he argues that the amount is not explained by the record.

The Government has supplemented the record with documents used to calculate the challenged amounts. The first page of the submitted loss report provides calculations of the restitution owed to identified victims and to unidentified victims. Attached to this page is a list of the names of the payees, the amount and date of each check, the check numbers, the city and business where each check was cashed, the signatory on each check, and the name of the business on the checking account. The list is more than 30 pages long. The amounts in the report match some, but not all, of the amounts listed in the revised PSR.

"The calculation of the amount of loss is a factual finding, reviewed for clear error." *See United States v. Sanders*, 343 F.3d 511, 520 (5th Cir. 2003). (internal quotation marks and citation omitted). A factual finding is not clearly

erroneous if it is plausible in light of the record as a whole. *See id.* "In making factual determinations at sentencing, the district court is entitled to rely upon the information in the PSR as long as the information bears some indicia of reliability." *United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010). "The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue." *Id.*

On the basis of debriefings of coconspirators and information from the FBI, the PSR estimated that the loss resulting from the bank fraud scheme was between $500,000 and $800,000. The PSR reflected that the FBI had identified more than $500,000 in fraudulent activity attributable to Morganfield and some of his codefendants. Morganfield did not provide evidence to rebut the PSR's calculations. Nor has he provided this court with record support for his arguments. Although it is not entirely clear from the record how the district court arrived at the amount of loss and restitution owed, Morganfield "simply failed to produce reliable evidence supporting an alternate number or demonstrating that the information in the PSR was inaccurate or materially untrue." *Id.* at 414. Because Morganfield did not present sufficient rebuttal evidence, the record does not show that the district court clearly erred in adopting the PSR's factual finding regarding the amount of loss. *See id.*

Because the district court used the same figures to calculate the restitution amount that it used to calculate the amount of loss, it follows that Morganfield has not produced sufficient evidence to show that the restitution award was an abuse of discretion. *See id.*

AFFIRMED.