# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 11, 2013

No. 13-10323
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE BELTRAN-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CR-92-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jorge Beltran-Torres pled guilty to fraud in connection with an immigration document and aiding and abetting. The district court sentenced him to six months of imprisonment and a one-year term of supervised release. Beltran-Torres has appealed, contending that the district court did not adequately explain its reasons for imposing supervised release and that the court failed to account for the advice in the Sentencing Guidelines that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deportable aliens ordinarily should not be sentenced to terms of supervised release.

Beltran-Torres completed his sentence and was removed to Mexico in April 2013. He thus is no longer in the Bureau of Prisons custody, nor is there any evidence he has returned to this country. The Federal Public Defender argues that the appeal is not moot because Beltran-Torres seeks to challenge, as improper under U.S.S.G. § 5D1.1(c), the imposition of a term of supervised release. He maintains that under 28 U.S.C. § 2106, this court may offer relief by striking the term of supervised release from the judgment without ordering resentencing. He posits that the circumstances of this case lend themselves to such action because Beltran-Torres was sentenced to an extremely limited term and could not have appealed the sentence before he was deported.

Beltran-Torres relies on a decision in which this court held that an appeal whose relevant facts were similar to those here was not moot. *See United States v. Lares-Meraz*, 452 F.3d 352 (5th Cir. 2006). The only issue after that defendant's removal concerned the period of supervised release, but the defense counsel conceded that any error in ordering supervision was harmless. *Id.* at 356. The court held that the issue was not moot, but it also held any error was harmless; the court affirmed the conviction and sentence. *Id.*

A later decision of this court distinguished *Lares-Meraz* by saying that the earlier panel "was not faced with the prospect of resentencing the defendant because defense counsel conceded that any sentencing error was harmless." *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007). This meant that the appellant was not seeking "any relief that the court could not grant." *Id.* Rosenbaum-Alanis, though, did not make that concession; instead he was seeking to be resentenced. *Id.* Resentencing requires the presence of the defendant before the court, but – as here – that defendant was barred from reentering the country. *Id.* at 382; FED. R. CRIM. P. 43.

The appeal is moot and is therefore DISMISSED.