# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2016

Lyle W. Cayce
Clerk

CHARLES DANILE SHOEMATE,

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; MISSISSIPPI PAROLE
BOARD; MARSHALL L. FISHER, Commissioner Mississippi Department of
Corrections; STEVE PICKETT, Chairman Parole Board,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-208

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Charles Danile Shoemate, Mississippi prisoner # 66283, appeals the
dismissal of his 42 U.S.C. § 1983 complaint against the Mississippi
Department of Corrections, the Mississippi Parole Board (MPB), Marshall
L. Fisher, and Steve Pickett, which alleged that the defendants took away his
parole eligibility date in violation of the Fifth, Eighth, and Fourteenth

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-60599

Amendments to the United States Constitution, as well as the ex post facto clause.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The case-or-controversy requirement is present at all levels of litigation, from the trial level through the appellate process. *Id.* at 477-78. An appeal is moot when the court can no longer grant any effectual relief to the prevailing party. *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). Mootness is jurisdictional because it implicates the case-or-controversy requirement under Article III, and we must raise the issue of mootness sua sponte if necessary. *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006).

Following the dismissal of Shoemate's complaint, MISS. CODE. ANN. § 47-7-3(1)(f) was amended to restore parole eligibility to offenders, like Shoemate, who were convicted of certain drug offenses. Furthermore, the MPD has calculated a parole eligibility date for Shoemate, which is the sole relief requested in his § 1983 complaint. Thus, there is no case or controversy present concerning Shoemate's § 1983 suit against the defendants, and this appeal is moot. *See Motient Corp.*, 529 F.3d at 537.

Having determined that this appeal is moot, we next consider whether the district court's judgment dismissing Shoemate's § 1983 complaint should be vacated. *See Staley v. Harris Cnty., Tex.*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc). Shoemate did not contribute to the reason the case is now moot. "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18,

25 (1994).    Vacatur  is  appropriate  in  this  case.    *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950); *Staley*, 485 F.3d at 310.

Accordingly,  we  VACATE  the  district  court's  judgment  dismissing Shoemate's § 1983 complaint and REMAND this case to the district court with instructions to dismiss the § 1983 complaint as moot because Shoemate is now parole eligible and has been granted a parole eligibility date.