# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10420
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2019

Lyle W. Cayce
Clerk

MICHAEL DEWAYNE WHALEY,

Petitioner-Appellant

v.

COURT OF CRIMINAL APPEALS OF TEXAS; TEXAS DEPARTMENT OF PARDONS & PAROLES; JUDGE OF 282ND JUDICIAL DISTRICT COURT; BROOK A. BUSBEE; HONORABLE CRIMINAL DISTRICT ATTORNEY; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-144

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Michael Dewayne Whaley, Texas prisoner # 645333, filed a document in the district court that was construed by the district court, on January 19, 2018, as a new habeas application challenging the criminal convictions for which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10420

is presently incarcerated.  The case was held in abeyance because of an unpaid sanction.  More than 60 days later, Whaley filed a document styled "Notice of Right to Appeal/Object."  That document was construed by the clerk as a notice of appeal from the January 19, 2018, order and was docketed in this court under the captioned case number.

As is evidenced by the document he filed, Whaley did not file a timely notice of appeal that evinced an intent to appeal the January 19, 2018, order. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  The matters at issue in that order have been resolved.  Because the notice of appeal was inadequate and because the appeal is moot, *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006), we lack jurisdiction.  The appeal is DISMISSED.

Whaley's motions for release pending appeal and for appointment of counsel are DENIED.

The appeal is frivolous.  Because there is a filing bar and unpaid sanction in case number 18-11503, an additional sanction is unnecessary.  We WARN Whaley again that future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.   Whaley should review all pending matters and move to dismiss any that are frivolous or repetitive.