# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50653
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO LEIJA-MENDOZA, also known as Sergio Leija Mendoza, also known as Sergio Leija, also known as Sergio Mendoza-Leija, also known as Sergio Mendoza,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-823-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Sergio Leija-Mendoza appeals his conviction for illegal reentry into the United States. He entered a conditional guilty plea, reserving the right to challenge the district court's denial of his motion to dismiss the indictment. The district court sentenced him to 36 months of imprisonment and three years of supervised release. Although Leija-Mendoza was recently released from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50653

prison, his appeal of his conviction is not moot.  *See Spencer v. Kemna*, 523 U.S. 1, 7-10 (1998); *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

Leija-Mendoza argues, as he did in the district court, that his prior removal was invalid because it followed a defective notice to appear that failed to specify a date and hearing time.  He further contends that he may collaterally attack the removal proceeding without exhausting his administrative remedies.  He concedes that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and he explains that he has raised the arguments to preserve them for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issues are foreclosed under *Pedroza-Rocha*.  The Government, alternatively, requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Leija-Mendoza's arguments are indeed foreclosed.  *See Pedroza-Rocha*, 933 F.3d at 496-98; *see also Pierre-Paul v. Barr*, 930 F.3d 684, 688-90 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779).  Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.