# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50296
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL VILLALONGA-HERRERA, also known as Daniel Villonga Herrera, also known as Daniel Villonga Herra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-279-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daniel Villalonga-Herrera pled guilty to illegal reentry and was sentenced to time served and one year of supervised release. Although he was released from prison, his appeal of his conviction is not moot. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998); *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50296

Villalonga-Herrera's guilty plea was conditional, reserving the right to challenge the district court's denial of a motion to dismiss the indictment. On appeal he reiterates his argument that the immigration court in his initial removal proceeding never acquired jurisdiction because his notice of removal failed to specify a date and time of appearance. As a result, he contends, the removal order entered against him is void, which left the Government unable to prove an essential element of the offense. As to the strictures of 8 U.S.C. § 1326(d), which limits an alien's ability to collaterally attack a removal order, Villalonga-Herrera asserts that it poses no obstacle because his challenge is jurisdictional in nature and because, given the state of the law at the time of his initial removal proceeding, he is excused from meeting the requirements of Section 1326(d)(1) and (2).

Villalonga-Herrera concedes that these arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588). We generally agree. There too the defendant argued that failure to include date-and-time information in a notice to appear is a jurisdictional defect, and we found this argument to be both without merit and barred by Section 1326(d) for failure to exhaust. 933 F.3d at 496–98. Villalonga-Herrera's identical and similarly unexhausted jurisdictional argument accordingly fails for the same reasons.

*Pedroza-Rocha* does not consider a contention such as made by Villalonga-Herrera that he can escape the strictures of Section 1326(d)(1) and (2) under a "futility" exception, but other authority shows this argument to be of no force here. An alien "must prove all three prongs" of Section 1326(d) to make a successful challenge to a prior removal order. *United States v. Cordova-Soto*, 804 F.3d 714, 719 (5th Cir. 2015). In claiming fundamental unfairness under the final prong of Section 1326(d), Villalonga-Herrera relies

2

solely on the jurisdictional argument that *Pedroza-Rocha* foreclosed.   Any argument as to prongs one and two is therefore moot.  *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

We DENY the Government's motion for summary affirmance, DENY as unnecessary its alternative motion for an extension of time to file a brief, and AFFIRM the judgment of the district court.