# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE MADERO-GIL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-594-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Jorge Madero-Gil pleaded guilty to illegal reentry and was sentenced to 15 months in prison and one year of supervised release. Although he was recently released from prison, his appeal of his conviction is not moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20241

Madero-Gil's guilty plea was conditional, reserving the right to challenge the district court's denial of a motion to dismiss the indictment. On appeal he reiterates his argument that the immigration court in his initial removal proceeding never acquired jurisdiction because his notice of removal failed to specify a date and time of appearance. As a result, he contends, the removal order entered against him is void, which left the Government unable to prove an essential element of the offense. As to the strictures of 8 U.S.C. § 1326(d), which limits an alien's ability to collaterally attack a removal order, Madero-Gil asserts that it poses no obstacle because his challenge is jurisdictional in nature and because, given the state of the law at the time of his initial removal proceeding, he is excused from meeting the requirements of § 1326(d)(1) and (2).

Madero-Gil concedes that these arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and for the most part we agree. There too the defendant argued that failure to include date-and-time information in a notice to appear is a jurisdictional defect, and we found this argument to be both without merit and barred by § 1326(d) for failure to exhaust. 933 F.3d at 496-98. Madero-Gil's identical and similarly unexhausted jurisdictional argument must accordingly fail for the same reasons.

*Pedroza-Rocha* does not speak to Madero-Gil's contention that he can escape the strictures of § 1326(d)(1) and (2) under a "futility" exception, but other authority shows this argument to be of no moment here. An alien "must prove all three prongs" of § 1326(d) to successfully challenge a prior removal order. *United States v. Cordova-Soto*, 804 F.3d 714, 719 (5th Cir. 2015). In claiming fundamental unfairness under the final prong of § 1326(d), Madero-Gil relies solely on the jurisdictional argument that *Pedroza-Rocha* foreclosed.

Any argument as to prongs one and two is therefore moot. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

For the foregoing reasons, we DENY the Government's motion for summary affirmance, DENY as unnecessary its alternative motion for an extension of time to file a brief, and AFFIRM the judgment of the district court.