# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2020

Lyle W. Cayce
Clerk

No. 19-50861
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES MENDOZA-MUNGUIA, also known as Andres Mendozamunguia, also known as Andres Mendoza, also known as Andres Mungia-Mendoza, also known as Andres Mungia, also known as Andres Munguia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-71-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Andres Mendoza-Munguia appeals his guilty plea conviction for illegal reentry into the United States. *See* 8 U.S.C. § 1326(a), (b)(2). Mendoza-Munguia entered a conditional guilty plea, reserving the right to challenge the district court's denial of his motion to dismiss his indictment. He was sentenced to time served and three years of supervised release. Although

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50861

Mendoza-Mungia has been released from prison into the custody of Immigration and Customs Enforcement, his appeal of his conviction is not moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-10 (1998); *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

On appeal, Mendoza-Munguia reiterates his district court argument that his prior removal proceedings were invalid because the notice to appear that initiated his removal proceeding was defective for failing to specify a place, date, and time for his hearing. He reiterates also his district court arguments that his removal proceeding was fundamentally unfair, the removal order was void, and the Government failed to establish an essential element of the illegal reentry offense under § 1326. Mendoza-Munguia concedes that his challenge and the relief he seeks are foreclosed by precedent. *See United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588); *Pierre-Paul v. Barr*, 930 F.3d 684, 689-93 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779). He raises his challenge in order to preserve the issue for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by circuit precedent.

Agreeing with the parties, we conclude that the challenge Mendoza-Munguia urges and the relief he seeks are foreclosed. *See Pedroza-Rocha*, 933 F.3d at 496-98; *Pierre-Paul*, 930 F.3d at 689-93. We therefore GRANT the motion for summary affirmance, and we AFFIRM the judgment of the district court. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The alternative motion for extension of time is DENIED as unnecessary.