# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50693
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR NOEL CHAVIRA-MADRID, also known as Carlos Gomez-Talvares, also known as Miguel Alexis Garcia-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-2561-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Cesar Noel Chavira-Madrid pleaded guilty to illegal reentry and was sentenced to 18 months of imprisonment and a three-year term of supervised release. Although he has already been released from prison and returned to Mexico, his appeal of his conviction is not moot. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50693

*Villanueva-Diaz*, 634 F.3d 844, 849 (5th Cir. 2011); *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

As part of his guilty plea, Chavira-Madrid reserved the right to challenge the district court's denial of a motion to dismiss the indictment. On appeal he reiterates his argument that the immigration court in his initial removal proceedings never acquired jurisdiction because his notice to appear failed to specify a date and time of appearance. As a result, he contends, the removal order entered against him is void, which left the Government unable to prove an essential element of the offense. As to the strictures of 8 U.S.C. § 1326(d), which limits an alien's ability to collaterally attack a removal order, Chavira-Madrid asserts that it poses no obstacle because his challenge is jurisdictional in nature and because, given the state of the law at the time of his initial removal proceedings, he is excused from meeting the requirements of § 1326(d)(1) and (2).

Chavira-Madrid concedes that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588). There too the defendant argued that failure to include date-and-time information in a notice to appear is a jurisdictional defect, and we found this argument to be both without merit and barred by § 1326(d) for failure to exhaust. 933 F.3d at 496-98. Chavira-Madrid's identical and similarly unexhausted jurisdictional argument must accordingly fail for the same reasons.

To the extent that *Pedroza-Rocha* does not speak to Chavira-Madrid's contention that he can escape the strictures of § 1326(d)(1) and (2) under a "futility" exception, this argument is of no moment here. An alien "must prove all three prongs" of § 1326(d) to successfully challenge a prior removal order. *United States v. Cordova-Soto*, 804 F.3d 714, 719 (5th Cir. 2015). In claiming

fundamental unfairness under the final prong of § 1326(d), Chavira-Madrid relies solely on the jurisdictional argument that *Pedroza-Rocha* foreclosed. Thus, we need not consider any argument as to prongs one and two. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

For the foregoing reasons, we DENY the Government's motion for summary affirmance, DENY as unnecessary its alternative motion for an extension of time to file a brief, and AFFIRM the judgment of the district court.