# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS MARTINEZ-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-168-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Tomas Martinez-Rodriguez pleaded guilty to illegal reentry by a deported alien. Because Martinez-Rodriguez's prior deportation followed his conviction for a felony, he was subject to an enhanced statutory maximum sentence of ten years and an enhanced statutory supervised release range of not more than three years. *See* 8 U.S.C § 1326(b)(1); 18 U.S.C. § 3583(b)(2). The district court sentenced him within the guidelines range to ten months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11248

imprisonment, followed by two years of supervised release. Martinez-Rodriguez was released from custody in March of 2020 but remains on supervised release. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

In this appeal, Martinez-Rodriguez contends that the district court erred by sentencing him beyond the statutory maximum permitted by § 1326(a) based on the fact of a prior felony conviction that was neither pleaded in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. He also argues that his guilty plea was invalid because he was not admonished that the prior-felony provision of § 1326(b)(1) could not be used to enhance his sentence unless his prior felony conviction was submitted to a jury and proved beyond a reasonable doubt. He concedes that these issues are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issues for future review. The Government moves for summary affirmance or, alternatively, for an extension of time in which to file a merits brief.

The parties are correct that Martinez-Rodriguez's arguments are clearly foreclosed by *Almendarez-Torres*. *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *see generally Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time is DENIED. The judgment is AFFIRMED.