# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2021

Lyle W. Cayce
Clerk

No. 19-20154
Summary Calendar

United States of America,

*Plaintiff—Appellee,*

*versus*

Yanna Gassaway,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
No. 4:15-CR-301-1

Before King, Smith, and Wilson, *Circuit Judges.*

Per Curiam:*

After a bench trial, Yanna Gassaway was convicted of wire fraud, in violation of 18 U.S.C. § 1343. The district court imposed a below-guidelines sentence of 20 months plus three years of supervised release. The court entered an order of forfeiture for real property obtained as a result of the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

fraud and imposed restitution of $324,840.  On appeal, Gassaway contends that (1) the evidence was insufficient to sustain her conviction, (2) the district court violated the Speedy Trial Act, (3) the court erred in denying a jury trial, (4) the prosecution engaged in misconduct and selective, malicious prosecution, and (5) the court erred in ordering $324,840 in restitution.

Gassaway has been released from prison but is still subject to a term of supervised release.  Accordingly, this appeal is not moot.  *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *United States v. Lares-Meraz*, 452 F.3d 352, 354–55 (5th Cir. 2006).

We review preserved challenges to the sufficiency of the evidence *de novo*.  *United States v. Ocampo-Vergara,* 857 F.3d 303, 306 n.3 (5th Cir. 2017); *United States v. Mitchell*, 792 F.3d 581, 582 (5th Cir. 2015).  To establish wire fraud, the government must prove (1) a scheme to defraud; (2) the use of, or causing the use of, wire communications in interstate or foreign commerce in furtherance of the scheme; and (3) a specific intent to defraud. *See* § 1343; *United States v. Sanders,* 952 F.3d 263, 277 (5th Cir. 2020); *United States v. del Carpio Frescas,* 932 F.3d 324, 329 (5th Cir.), *cert. denied*, 140 S. Ct. 620 (2019); *United States v. Simpson*, 741 F.3d 539, 547–48 (5th Cir. 2014).

Gassaway maintains that the government did not prove all the elements necessary to sustain a conviction for wire fraud.  She asserts that (1) she had nothing to do with the initial counterfeit check, (2) she had no intent to defraud Bank of America, (3) Bank of America is responsible for any loss it suffered, and (4) use of e-mail alone was not sufficient to establish the requisite interstate nexus.  The record reveals that Gassaway made a false material statement—that she would invest $450,000 in a bank guarantee—to obtain something of value from others, namely, money.  *See United States v Scully,* 951 F.3d 656, 670–71 (5th Cir.), *cert. denied*, 141 S. Ct. 344 (2020); *United States v. Evans,* 892 F.3d 692, 711–12 (5th Cir. 2018).  Moreover,

Gassaway made the fraudulent representations with the knowing intent to bring about a financial or personal gain for herself. *See Scully,* 951 F.3d at 670–71; *United States v. Richards,* 204 F.3d 177, 207 (5th Cir. 2000). Furthermore, although e-mail alone is not sufficient to establish the wire-communications element, the evidence reveals at least one interstate wire transfer from a Bank of America account in Texas to an escrow account in Georgia. That transfer was critical to an essential step in the plan. *United States v. Sanders,* 952 F.3d 263, 277 (5th Cir. 2020); *United States v. Hoffman*, 901 F.3d 523, 547 (5th Cir. 2018). The government presented substantial evidence to support the guilty verdict. *See United States v. Smith,* 895 F.3d 410, 415–16 (5th Cir. 2018).

Because Gassaway did not move for dismissal of the indictment based on a Speedy Trial Violation, to the extent that she makes such an argument, she has waived her statutory speedy-trial claim. *United States v. Reagan,* 725 F.3d 471, 486–87 (5th Cir. 2013); 18 U.S.C. § 1362(a)(2). In addition, she has abandoned any constitutional claim of a speedy-trial violation for failure to brief the issue adequately. *See United States v. Gentry*, 941 F.3d 767, 792 (5th Cir. 2019); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Gassaway additionally avers that she did not waive her right to a jury and that the district court infringed on her Sixth Amendment rights when it denied her a jury trial based on past postponements. We review *de novo* the validity of a waiver of the right to trial by jury. *See United States v. Mendez*, 102 F.3d 126, 128–31. The record reveals that Gassaway competently waived her right to a jury trial both orally and in writing. *See* Fed. R. Crim. P. 23(a); *United States v. Mendez*, 102 F.3d 126, 128–31 (5th Cir. 1996).

We review assertions of prosecutorial misconduct for abuse of discretion. *United States v. Bolton,* 908 F.3d 75, 93 (5th Cir. 2018); *United States v. Rice,* 607 F.3d 133, 138–39 (5th Cir. 2010). Unpreserved allegations of prose-

cutorial misconduct are reviewed for plain error only. *Bolton,* 908 F.3d at 93; *United States v. Romans*, 823 F.3d 299, 315 (5th Cir. 2016); *United States v. Isgar*, 739 F.3d 829, 839 (5th Cir. 2014).

Generally, to establish prosecutorial misconduct of a constitutional nature, the defendant must show that the prosecutor's improper conduct or remarks affected her substantial rights. *See Bolton,* 908 F.3d at 93. To establish a violation based on the government's use of fabricated or misleading testimony, Gassaway must show that the testimony in question was (1) actually false and (2) material and (3) that the prosecution knew it was false. *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997). Gassaway has not demonstrated that the government knowingly relied on any false testimony.

The prosecutor is afforded wide latitude during closing arguments, *see United States v. Rodriguez*, 43 F.3d 117, 123 (5th Cir. 1995), and is permitted to discuss properly admitted evidence and any reasonable inferences or conclusions that can be drawn from it, *see United States v. Bowen*, 818 F.3d 179, 191 (5th Cir. 2016). Moreover, Gassaway was convicted after a bench trial, and as an experienced trier of fact, the district judge is presumed to have reached a verdict based only on permissible and admissible evidence and to have disregarded any improper statements. *See United States v. Cardenas*, 9 F.3d 1139, 1156 (5th Cir. 1993); *United States v. Hughes*, 542 F.3d 246, 248–49 (5th Cir. 1976). Because the outcome of the trial was not in Gassaway's favor, she cannot raise a malicious-prosecution claim. *See Castellano v. Fragozo*, 352 F.3d 939, 954 (5th Cir. 2003).

The legality of a restitution order is reviewed *de novo*, and the amount is reviewed for abuse of discretion. *United States v. Mathew*, 916 F.3d 510, 516–17 (5th Cir. 2019); *United States v. Sharma,* 703 F.3d 318, 322 (5th Cir. 2012). The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, governs certain restitution awards and makes restitution mandatory

for certain crimes, "including any offense committed by fraud or deceit." *United States v. DeCay,* 620 F.3d 534, 539 (5th Cir. 2010) (internal quotation marks and citation omitted); 18 U.S.C. §§ 3556, 3663A(a)(1), (c)(1)(A)(ii)). Gassaway's offense of conviction is wire fraud in violation of § 1343, in which a scheme to defraud is an element. *See United States v. Beacham*, 774 F.3d 267, 271, 278–80 (5th Cir. 2014); *United States. v. Inman*, 411 F.3d 591, 593, 595 (5th Cir. 2005).

A defendant sentenced under the MVRA is responsible for providing restitution to victims "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered, . . . including any person directly harmed by the defendant's criminal conduct in the course of the scheme . . . ." § 3663A(a)(2); *United States v. Dickerson,* 909 F.3d 118, 129 (5th Cir. 2018); *Sharma,* 703 F.3d at 323. Section 3663(b) provides that, in a case of an offense resulting in loss of property of a victim, the court may require the defendant to return the property to its owner. § 3663A(b)(1)(A). Where the return of the property is impossible or impractical, the court may order the defendant to pay an amount equal to the value of the property on the date of the loss or the date of sentencing, whichever is greater, less the value of the property that is returned. 18 U.S.C. § 3663(b)(1)(A), (b)(1)(B)(i)-(ii).

Based on the record evidence, the district court properly ordered that Gassaway pay restitution for the actual monetary loss, $324,840, directly incurred by Bank of America arising from the underlying fraudulent conduct of the offense of conviction as charged in the indictment. *See Hughey v. United States*, 495 U.S. 411, 412–13 (1990). Gassaway's assertion that Bank of America is not a victim because she did not intend to defraud it is without merit because her fraudulent activity resulted in a loss to Bank of America. Moreover, it is immaterial that the district court also entered an order of forfeiture. Restitution and forfeiture serve different purposes. *United States v. Sanjar,*

876 F.3d 725, 751 (5th Cir. 2017).  "[B]oth restitution and criminal forfeiture are mandatory features of criminal sentencing that a district court does not have authority to offset."  *Id.*  Gassaway has not demonstrated that the district court abused its discretion by ordering restitution.  *See United States v. Mahmood,* 820 F.3d 177, 196 (5th Cir. 2016).

We review a district court's application of the guidelines *de novo* and its findings of fact at sentencing for clear error.  *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008).  Although a district court's loss calculation is generally a factual finding reviewed for clear error, we review "*de novo* how the court calculated the loss, because that is an application of the guidelines, which is a question of law."  *Id.*  Under § 2B1.1(b)(1), the amount of loss resulting from a fraud offense is a specific offense characteristic that increases the base offense level.  § 2B1.1(b)(1); *United States v. Isiwele*, 635 F.3d 196, 202 (5th Cir. 2011).  The guidelines instruct the district courts to calculate the "greater of actual loss or intended loss" resulting from the offense.  § 2B1.1(b)(1), comment. (n.2(A)).  An "actual loss" is "the reasonably foreseeable pecuniary harm that resulted from the offense."  § 2B1.1(b)(1), comment. (n.3(A)(i)).

The evidence reveals that Bank of America suffered an actual monetary loss of $324,840.  *See* § 2B1.1(b)(1), comment. (n.3(A)(iv)).  Accordingly, the district court did not err in applying a 12-level enhancement based on a loss amount of more than $250,000.  *See* § 2B1.1(b)(1)(G).

The judgment is AFFIRMED.  Gassaway's motion to correct or amend the sentence is therefore DENIED.  Her motion to vacate the judgment is DENIED as moot.  The motion to remand is DENIED.